IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RUPINDER SINGH MANN,

                Petitioner,

v.

DAVID EASTERWOOD, St. Paul Field Office Director, Immigration and Customs Enforcement and Removal Operations; U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the Department of Homeland Security; U.S. Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; and TODD LYONS, Director, Immigration and Customs Enforcement,[1]

                Respondents.

4:26CV3027

MEMORANDUM AND ORDER

      This matter is before the Court on petitioner Rupinder Singh Mann's ("Mann") petition for habeas corpus under 28 U.S.C. § 2241 (Filing No. 1). Mann is a native and citizen of India who entered the United States without inspection on March 23, 2023. That same day, the United States Department of Homeland Security ("DHS") served him with a Notice to Appear ("NTA") in immigration court. The NTA states Mann is an alien present in the United States who has not been admitted or paroled and is subject to removal under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1182(a)(6)(A)(i) (Filing No. 1-1).

      Mann applied for asylum and withholding removal on June 12, 2023, based on religious and political persecution (Filing No. 1-1). The immigration judge granted Mann's asylum application on November 24, 2025. The government reserved its right to

---

[1] Mann states in the body of his habeas petition that all individual respondents are named in their official capacities.

appeal. Mann states he remains detained at the McCook Detention Center in McCook, Nebraska.

Mann's petition names as respondents U.S. Immigration and Customs Enforcement[2] ("ICE"); David Easterwood, Acting Director of the St. Paul Field Office for ICE; Kristi Noem, Secretary of DHS; DHS; Pamela Bondi, Attorney General of the United States; and Todd M. Lyons, Acting Director of ICE. Mann primarily seeks release from detention or, in the alternative, a bond hearing under 8 U.S.C. § 1226(a).

District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). This requires that the Court "have jurisdiction over the custodian" before issuing the writ. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973)). "Thus, jurisdiction over [Mann's] habeas petition lies in the [District of Nebraska] only if it has jurisdiction over [his immediate physical custodian]." *Id.* at 441.

The Supreme Court has explained that "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. This rule does not change merely because Mann's petition occurs in the immigration context. *See id.* at 439 ("We have never intimated that a habeas petitioner could name someone other than his immediate physical custodian as respondent simply because the challenged physical custody does not arise out of a criminal conviction."); *see also Doe v. Garland*, 109 F.4th 1188, 1193-95 (9th Cir. 2024) (holding that an immigrant detainee's § 2241 habeas petition challenging his physical detention and requesting an individualized bond hearing was a "core habeas

---

[2] An "official-capacity suit is a suit against a government entity 'in all respects other than name[.]'" *Banks v. Slay*, 875 F.3d 876, 880-81 (8th Cir. 2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Perhaps Mann thinks he is covering his bases, but naming DHS and ICE in addition to the heads of those government agencies in their official capacities is unnecessary. *See Roberts v. Dillon*, 15 F.3d 113, 115 (8th Cir. 1994).

challenge," and thus had to name his warden as respondent); *Vasquez v. Reno*, 233 F.3d 688, 697 (1st Cir. 2000) (concluding that the United States Attorney General is not the custodian of an alien being held at a federal detention facility and therefore not a proper respondent to a habeas petition).

Some district courts have concluded that the immediate-physical-custodian rule does not apply in immigration detention cases where ICE has contracted with non-federal jails to house detainees.  *See, e.g.*, *Pham v. Becerra*, 717 F. Supp. 3d 877, 881-82 (N.D. Cal. 2024); *Sanchez-Penunuri v. Longshore*, 7 F. Supp. 3d. 1136, 1141 (D. Colo. 2013). Those courts have argued that footnote eight in *Padilla*, 542 U.S. at 435 n.8, creates this exception.  *See, e.g.*, *Grant v. Decker*, No. 20 Civ. 2946, 2020 WL 3402445, at *3 (S.D.N.Y. June 19, 2020).

Footnote eight ponders that the Attorney General may be "a proper respondent to a habeas petition filed by an alien detained pending deportation" but declines to resolve the issue.  *Padilla*, 542 U.S. at 435 n.8.  It then cites six lower-court cases addressing the question of the proper respondent to an immigrant's habeas petition.  *Id.*  All those cases—except one which was later withdrawn—"held that the Attorney General was not a proper respondent."  *Garland*, 109 F.4th at 1195.  And apart from the withdrawn case, all the lower-court cases "were challenges to removal/deportation orders and not to present physical confinement."  *Id.* at 1195-96.  Thus, it's far from clear that dicta in a footnote creates a broad exception to the immediate-physical-custodian rule.  *See id.* at 1196 ("Footnote eight at most suggests that when an alien's habeas petition does not present a core habeas challenge under *Padilla*, the Attorney General may be a proper respondent.").

Mann's case presents a "core habeas challenge[] to present physical custody." *Padilla*, 542 U.S. at 444.  Therefore, "[b]y definition, the immediate custodian and [Mann] reside in the same district."  *Id.*  Yet he has not named his immediate physical custodian. *See* 28 U.S.C. § 2243.  Naming the immediate physical custodian in alien-detention cases may be tedious, but it is a statutory requirement.  *See* 28 U.S.C. § 2242.  And no one has

3

definitively shown this Court that it does not apply merely because the petitioner is an alien detainee. Indeed, the Supreme Court has never waived this rule for core challenges "simply because the challenged physical custody does not arise out of a criminal conviction." *Padilla*, 542 U.S. at 439.

The Court cannot say from the face of Mann's petition that he is not entitled to relief. *See* 28 U.S.C. § 2243. So ordinarily, the Court would issue a show-cause order directed at his custodian. *See id.* But Mann has only named his legal custodians. And naming "part[ies] exercising legal control over the detainee only comes into play when there is no immediate physical custodian." *Padilla*, 542 U.S. at 439. Again, that is not the case here.

Accordingly, the Court will not issue a show-cause order at this time. Petitioner Rupinder Singh Mann may amend his petition to name his immediate physical custodian.

IT IS SO ORDERED.

Dated this 6th day of February 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge