IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUPINDER SINGH MAAN, <br><br> Petitioner, <br><br> v. <br><br> DAVID EASTERWOOD, St. Paul Field Office Director, Immigration and Customs Enforcement and Removal Operations; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, Secretary of the Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, Attorney General of the United States; and TODD LYONS, Director, Immigration and Customs Enforcement, WARDEN OF McCOOK DETENTION CENTER, in their official capacity, <br><br> Respondents. | 4:26CV3027 <br><br><br> MEMORANDUM <br> AND ORDER |

   This matter is before the Court on petitioner Rupinder Singh Maan's ("Maan") second amended petition for habeas corpus under 28 U.S.C. § 2241 (Filing No. 7). In brief, Maan is a native and citizen of India who entered the United States without inspection on March 23, 2023. That same day, the United States Department of Homeland Security ("DHS") served him with a Notice to Appear ("NTA") in immigration court.

   DHS later issued a "Warrant for Arrest of Alien" on August 17, 2025, and detained Maan. Then on November 24, 2025, the immigration judge granted Maan asylum. DHS reserved its right to appeal. Maan states he remains detained at the McCook Detention Center in McCook, Nebraska, presumably pending the appeal.

Maan's second amended petition names as respondents U.S. Immigration and Customs Enforcement[1] ("ICE"); David Easterwood, Acting Director of the St. Paul Field Office for ICE; Kristi Noem, Secretary of DHS; DHS; Pamela Bondi, Attorney General of the United States; and Todd M. Lyons, Acting Director of ICE; and Warden of the McCook Detention Center (the "warden").  Maan primarily seeks release from detention or, in the alternative, a discretionary bond hearing under 8 U.S.C. § 1226(a).

District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a).  This requires that the Court have jurisdiction over the custodian before issuing the writ. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  "Thus, jurisdiction over [Maan's] habeas petition lies in the [District of Nebraska] only if it has jurisdiction over [his immediate physical custodian]."  *Id.* at 441.  This threshold requirement is satisfied because Maan has named the warden who he states has "immediate physical custody of [him]."

The habeas statute further provides that "unless it appears from the application that [Maan] is not entitled" to relief, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted[.]"  *Id.* § 2243.  The Court's show-cause order must also be "directed to the person having custody of [Maan.]" and it must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed."  *Id.*  Moreover, the custodian "shall make a return certifying the true cause of [Maan's] detention."  *Id.*

The Court cannot say from the face of Maan's petition that he is not entitled to relief. *See id.*  Accordingly, the Court will order him to serve his petition and a copy of this

---

[1]The Court reiterates for Maan that "an official-capacity suit is a suit against a government entity 'in all respects other than name[.]'" *Banks v. Slay*, 875 F.3d 876, 880-81 (8th Cir. 2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).  Perhaps Maan thinks he is covering his bases, but naming DHS and ICE in addition to the heads of those government agencies in their official capacities is unnecessary. *See Roberts v. Dillon*, 15 F.3d 113, 115 (8th Cir. 1994).

Memorandum and Order on his immediate physical custodian—the warden. Upon notice, the warden shall show-cause why Maan's writ should not be granted. After Maan files any reply, the Court will determine whether to hold a hearing on the matter.

The statutory and constitutional issues raised by Maan's petition are complex. Given that complexity and his need to serve the warden, the Court finds there is good cause for setting a briefing schedule that allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243. The Court also finds that the novel federal questions warrant notice to the United States Attorney for the District of Nebraska to represent the federal respondents' interests in this matter. Accordingly,

IT IS ORDERED:

1. The Clerk of the Court shall, before docketing this order, add Assistant United States Attorney Christopher L. Ferretti and Assistant United States Attorney Eric W. Synowicki as counsel for the federal respondents and shall, after doing so, regenerate the filing for the petition.

2. Petitioner Rupinder Singh Maan shall serve his second amended petition for writ of habeas corpus (Filing No. 7) and a copy of this Memorandum and Order on Warden of the McCook Detention Center in McCook, Nebraska, and file proof of such service with the Court.

3. The warden shall show cause why the petition should not be granted within three business days after being served.

4. Maan shall have three business days from the date of the response to file a reply.

5. The Court will then determine whether to hold a hearing on this matter.

Dated this 26th day of February 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge