IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RUPINDER SINGH MAAN,

Petitioner,

v.

DAVID EASTERWOOD, St. Paul Field
Office Director, Immigration and Customs
Enforcement and Removal Operations; U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT; MARKWAYNE
MULLIN, Secretary of the Department of
Homeland Security; U.S. DEPARTMENT
OF HOMELAND SECURITY; TODD
BLANCHE, Acting Attorney General of the
United States; and TODD LYONS, Director,
Immigration and Customs Enforcement,
WARDEN OF McCOOK DETENTION
CENTER, in their official capacity,[1]

Respondents.

4:26CV3027

MEMORANDUM
AND ORDER

This matter is before the Court on petitioner Rupinder Singh Maan's ("Maan") second amended petition for habeas corpus under 28 U.S.C. § 2241 (Filing No. 7). He states he is being physically "detained at the McCook Detention Center" in McCook, Nebraska, pending a final decision in his removal proceedings. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

In his petition, Maan asserts three claims for relief. First, he argues he is being unlawfully detained pursuant to section 235(b)(2)(A) of the Immigration and Nationality

---

[1]Markwayne Mullin was sworn in March 24, 2026, and is automatically substituted for his predecessor, Kristi Noem. *See* Fed. R. Civ. P. 25(d). Todd Blanche, the Acting Attorney General of the United States, is likewise substituted for his predecessor, Pamela Bondi. *See id.* The Clerk of Court is directed to make those changes on the docket sheet.

Act ("INA"), 8 U.S.C. § 1225(b)(2)(A).  In his view, "§ 1225(b)(2) does not apply to noncitizens residing in the United States" who are removeable because they "entered the country without being admitted."  He asks the Court to order his release, or in the alternative, a bond hearing under section 236(a) of the INA, 8 U.S.C. § 1226(a).

While Maan's arguments about being detained under the wrong statute and being entitled to a bond hearing may have been viable at the outset, the Eighth Circuit's recent decision in *Avila v. Bondi*, No. 25-3248, 2026 WL 819258, at *6 (8th Cir. Mar. 25, 2026) forecloses those arguments.  *See Avila*, 2026 WL 819258, at *6 (holding that aliens who are "applicants for admission" under 8 U.S.C. § 1225(a) are also "seeking admission" and thus subject to mandatory detention under § 1225(b)(2)(A)).

Maan next argues the immigration judge's ("IJ") application of § 1225(b)(2) to his situation violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 *et seq.*, because it is "arbitrary, capricious, and not in accordance with law."  *See* 5 U.S.C. § 706(2). Maan's own allegations demonstrate there has been no final agency action in his case. *Union P. R.R. v. U.S. R.R. Ret. Bd.*, 162 F.4th 908, 917 (8th Cir. 2025) (explaining that chapter 7 of the APA "makes judicial review available for 'final agency action for which there is no other adequate remedy in a court'" (quoting  5 U.S.C. § 704)).  He states that he is detained pending the outcome of the United States Department of Homeland Security's appeal to the Board of Immigration Appeals ("BIA") in his case.  As the party purportedly seeking APA review, Maan must show that the challenged action "mark[s] the consummation of the agency's decision-making process" and is not "merely tentative or interlocutory in nature."  *Id.*  There is nothing in Maan's petition to suggest that his challenge to detention pending the appeal is not "tentative or interlocutory in nature."  *Id.*

Furthermore, the Court cannot say that denying Maan a bond hearing was "not in accordance with the law."  *See Avila*, 2026 WL 819258, at *5-6.  Maan admits he entered the United States illegally without any inspection.  It is undisputed that he is an "applicant for admission"—an "alien present in the United States who has not been admitted."

8 U.S.C. § 1225(a)(1).  Thus, this claim also fails because he is properly detained under § 1225(b).  *See Avila*, 2026 WL 819258, at *5-6; *Mendez Leiva v. Berg*, No. 4:26CV3023, 2026 WL 948430, at *5-6 (D. Neb. Apr. 8, 2026).  And Maan has done nothing to persuade the Court that the IJ's denial of bond following a precedential opinion by the BIA—which is binding on IJs—qualifies as arbitrary or capricious.  *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) (holding that IJs lack authority to grant bond to aliens who are present in the United States without admission).  In sum, Maan cannot carry his burden to show that his detention violates the APA.

Finally, Maan argues his detention violates the Fifth Amendment to the United States Constitution because he has a liberty interest to be free from imprisonment and "[c]ivil immigration detention is only permissible where it bears a 'reasonable relation to the purpose for which the individual was committed.'"[2]  Maan cites to *Jackson v. Indiana*, 406 U.S. 715, 738 (1972), and *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), as direct support for this proposition.  Neither case applies to Maan's situation.[3]

---

[2]The precise nature of Maan's Fifth Amendment argument is not entirely clear.  He never states whether he is challenging his detention on substantive or procedural grounds— or both.  However, he does argue in the background paragraphs of his petition that *Mathews v. Eldrige*, 424 U.S. 319, 335 (1976), is the appropriate test to analyze his claim.  The Court disagrees.  *See Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024) (declining to engage in *Mathews* balancing in an immigration-detention case and explaining that '*Zadvydas* and *Demore* have already done whatever balancing is necessary'"); *see also Mendez Leiva*, 2026 WL 948430, at *2-5 (addressing both the procedural- and substantive-due-process claims in a § 2241 immigration-detention case).

[3]Both involved indefinite detention.  *Jackson* dealt with a criminal defendant who was found incompetent to stand trial and ordered institutionalized until sane.  406 U.S. at 717-20.  The Supreme Court held Indiana could not "indefinite[ly] commit[ ] a criminal defendant solely on account of his incompetency to stand trial."  *Id.*  The second case, *Zadvydas*, dealt with two aliens with final orders of removal detained during a 90-day statutory "removal period."  533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1)(A).  But because they were effectively stateless and the government could not find a way to remove them in the reasonably foreseeable future, their detention had become "indefinite and potentially permanent."  *Zadvydas*, 533 U.S. at 698.  Nothing in this record suggests Maan is stateless, detained under § 1231(a), or subject to permanent detention.

3

Maan asserts the government may only detain him for the limited purposes of "preventing flight and protecting the community." That is simply wrong. *See Demore v. Kim*, 538 U.S. 510, 523 (2003) (explaining that the Supreme Court has long upheld "detention during deportation proceedings as a constitutionally valid aspect of the deportation process"); *Mendez Leiva*, 2026 WL 948430, at *2-5 (same).

Maan generally bears the burden of proving that his detention is unlawful. *See Maye v. Pescor*, 162 F.2d 641, 643 (8th Cir. 1947) (noting in a "habeas corpus proceeding, the burden [is] upon [the petitioner] to establish some or all of the charges in his petition"); *Copenhaver v. Bennett*, 355 F.2d 417, 422 (8th Cir. 1966) (same). As difficult and likely frustrating as Maan's situation is, his arguments do not persuade the Court that his detention violates the Fifth Amendment, the INA, or any other statute.

In light of the foregoing,

IT IS ORDERED:

1.   Petitioner Rupinder Singh Maan's Second Amended Petition for Habeas Corpus (Filing No. 7) is denied in its entirety.

2.   A separate judgment will issue.

Dated this 14th day of April 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

4